# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:08-cr-57-MEF-SRW |
| ) | |
| DOUGLAS EUGENE MARTIN, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR RECONSIDERATION OF BOND

Comes now the Defendant, by and through undersigned counsel, and moves this Honorable Court to conduct a hearing to reconsider the issue of bond for the Defendant, and as grounds, therefore states as follows:

1.   The Defendant voluntarily surrendered to the U.S. Marshal's Service for the Middle District of Alabama in Montgomery on Friday, March 21, 2008 at 9:00 a.m. pursuant to learning of a grand jury indictment that had been returned against him.

2.   On Thursday, March 20, 2008, upon learning of the indictment being returned against Mr. Martin, Attorney David Luker contacted the Marshal's Office in Montgomery concerning Mr. Martin surrendering, and concerning their procedures. The Marshal's Service advised to simply have Mr. Martin come in and surrender, and that they would get him processed, and that he would most likely be

released on bond, as they knew of no reason why bond would not be granted

3.     Defendant Gene Martin reported to the Marshal's Office with Attorney Katherine Luker, who presented the Defendant to the Marshal's Office for processing.

4.     After the Marshal's Service took Mr. Martin into custody, they advised Attorney Katherine Luker that Mr. Martin would have an initial appearance later that afternoon, probably around 2:00 or 3:00 p.m.

5.     Attorney Katherine Luker was present with Mr. Martin for his interview with pretrial services, who after the meeting advised that they would be making their recommendation to the U.S. Attorney's Office, but did not know whether they would recommend detention or not.

6.     Attorney Katherine Luker met with AUSA Matthew Shepherd at the U.S. Attorney's Office around 11:30 a.m. on that date.  AUSA Shepherd advised that the Government would be moving to have Mr. Martin detained, and that there would be a detention hearing at 2:00 p.m.

7.     No discovery or explanation was provided to counsel for the Defendant prior to the Detention Hearing.

8.     Attorney for the Defendant had only a short notice of the detention hearing, and was provided no discovery by the Government concerning its request for detention, or allegations to support their request for detention until the beginning of the hearing.

9. At the detention hearing, Attorney for the Defendant was presented with voluminous discovery documents by the Government, which they used and introduced through the testimony of the case agent.

10. As no discovery had been provided to the Defendant prior to the detention hearing, Attorney for the Defendant had no opportunity to prepare for the hearing. The fact that counsel for the Defendant had no information to be prepared for the detention hearing was not a result of not being diligent or intentionally unprepared, but was rather that she had not been provided with any information or discovery that the Government intended to use at the detention hearing to support their request that Mr. Martin be detained.

11. However, since the detention hearing, counsel for the Defendant has had an opportunity to review the Government's discovery material, and has had an opportunity to conduct some investigation into the circumstances surrounding the statements admitted against the Defendant at the hearing.

12. Since the hearing, Attorneys for the Defendant have developed information that was not known at the time of the hearing, nor available to them at the time of the hearing. That information is relevant to the issue of release on bond pending trial, both as to the issue of flight, and danger to the community.

13. Interviews with a number of witnesses have been conducted, and matters have been investigated related to the allegations and statements testified to by the case agent at the detention hearing.

14. Defendant moves this Honorable Court for an opportunity to present testimony and evidence to the Court which the Defendant avers is relevant to reconsideration of the issue of bond.

WHEREFORE, above premises considered, Defendant respectfully moves this Honorable Court to conduct a hearing, and allow the Defendant to present additional and relevant evidence to the Court for reconsideration on bond.

s/ DAVID S. LUKER
**ASB-6647-E32D**
DavidL@LukerLawPC.com
ATTORNEY FOR THE DEFENDANT
2205 Morris Avenue
Birmingham, AL 35203
(205) 251-6666
(205) 323-3240

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April, the above and foregoing Motion for Reconsideration was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Assistant U.S. Attorney Tommie Brown Hardwick
Assistant U.S. Attorney Matthew W. Shepherd

S/ DAVID S. LUKER
ATTORNEY FOR THE DEFENDANT