# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:08-cr-57-MEF-SRW |
| ) | |
| DOUGLAS EUGENE MARTIN, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SUPPRESS

Comes now the Defendant, by and through undersigned counsel, and moves this Honorable Court for an Order suppressing all evidence, tangible or intangible, real or personal, of any kind seized or obtained as a result of the searches and seizures in this case. Specifically, defendant moves this Court to suppress all items seized from the home and the business of the defendant by law enforcement officers of Chilton County, Alabama, as a result of the search of the Defendant's home and business from on or about October 12 thru October 22, 2007, and as grounds, therefore more specifically states as follows:

### ISSUES PRESENTED

**I.   Search of the Defendant's personal residence located at 26890 Hwy 31 North, Jemison, AL 35085.**

1.   Defendant moves this Honorable Court to suppress all items of evidence seized from the Defendant's residence and out buildings, including, but not limited to the seven live rounds of Federal Classic, .44 magnum ammunition charged in Count Two of the Indictment seized from the Defendant' residence.

2. The search of the defendant's residence was without probable cause or legal basis to believe defendant had committed a felony.

3. The search and seizure was based on legally insufficient probable cause, in that there was no information contained in the Affidavit for Search Warrant that provided sufficient legal basis to establish probable cause to search the residence of the defendant.

4. The affiant provided no information in the affidavit indicating his source of information had ever been in the Martin residence, or had ever see car tags, car titles, vin plates, controlled substances or other items that might be used to manufacture any of these items in the Martin residence.

5. There is no information contained in the affidavit establishing any credibility of the information given to the affiant by this source.

6. The affiant provided no information or basis in his affidavit which corroborated any information provided to him by his source.

7. The affiant gave no information to support his conclusory statement that he had "probable cause to believe, and a clear indication to believe" that evidence of theft of property, be car tags, titles, vin plates, or controlled substances , or items used to manufacture controlled substances would be discovered at Gene Martin's residence or in the out buildings belonging to Gene Martin.

8. There is no information in the affidavit indicating that Gene Martin gave Ritter methamphetamine or lortab while at Martin's residence

9. There is no information in the affidavit which would tend to corroborate that the affiant's source had taken stolen items to Martin in the past, or that he had ever taken anything to

Martin at Martin's residence.

10. There is no information provided by the affiant in his affidavit or from the source, other than the conclusory statement of the affiant, that "Gene Martin has engaged in any illegal activities" dealing with car tags, car titles, vin plates, car parts, controlled substances, or items used to manufacture controlled substances. The affiant provided no information or basis in the affidavit to support this conclusory statement.

11. There is no information to support the affiant's conclusory opinion or alleged basis in fact that evidence of the above mentioned crimes would be discovered in Gene Martin's residence or out buildings.

12. The affiant stated that law enforcement located a vehicle matching the description of the stolen vehicle at the residence and on the property of Gene Martin.

13. The affiant failed to provide the issuing Judge with the information that law enforcement "drove to the Martin residence and entered a gravel driveway that lead to the rear of a metal building", and that " investigators advised [a deputy] to seize the vehicle at that location until a search warrant could be obtained for the property." The issuing Judge was not made aware of this illegal activity by law enforcement when the search warrant was issued.

14. It is clear that without the authority of a search warrant, law enforcement entered onto, and trespassed onto Gene Martin's property to view a vehicle that became part of the subject of the search, and thereafter illegally seized that vehicle without the benefit of a search warrant. Subsequently they illegally searched Gene Martin's residence and property.

Therefore, all evidence seized from Gene Martin's evidence, including, but not limited to seven live rounds of Federal Classic, .44 magnum ammunition, obtained as a result of the illegal trespass onto and illegal search of Gene Martin's residence is due to be suppressed.

**II.    Search of the Defendant's business located at 27030 Hwy 31 North, Jemison, AL 35085.**

1. Defendant moves this Honorable Court to suppress all items of evidence seized from the Defendant's place of business, including, but not limited to the fifty live rounds of CCI Blazer, .40 caliber ammunition, and the two live rounds of Remington, .223 caliber ammunition charged in Count Two of the Indictment, seized from the Defendant' place of business.

2. The search of the defendant's place of business was without probable cause or legal basis to believe defendant had committed a felony.

3. The search and seizure was based on legally insufficient probable cause, in that there was no information contained in the Affidavit for Search Warrant that provided sufficient legal basis to establish probable cause to search the defendant's place of business.

4. The affiant provided no information in the affidavit indicating his source of information had ever been in the Martin place of business, or had ever see car tags, car titles, vin plates, controlled substances or other items that might be used to manufacture any of these items in the Gene Martin's place of business.

5. There is no information contained in the affidavit establishing any credibility of the information given to the affiant by his source.

6. The affiant provided no information in his affidavit which corroborated any information provided to him by his source.

7. The affiant gave no information to support his conclusory statement that he had "probable cause to believe, and a clear indication to believe," that there may be car tags, titles, vin plates, or controlled substances that would be discovered at the place of business belonging to Gene Martin, and located at 27030 Hwy 31 North, Jemison, AL.

8.   There is no information in the affidavit indicating that Gene Martin gave Ritter methamphetamine or lortab while at Martin's place of business, or that Ritter had ever been to Martin's place of business.

9.   There is no information in the affidavit which would tend to corroborate that Ritter had taken stolen items to Martin in the past, or that he had ever taken anything to Martin at his place of business.

10.  There is no information provided by the affiant in his affidavit or from the affiant's source, other than the conclusory statement by the affiant, that "Gene Martin has engaged in any illegal activities" dealing with car tags, car titles, vin plates or car parts, controlled substances, or items used to manufacture controlled substances.

11.  There is no information to support the affiant's conclusory opinion or alleged basis in fact that evidence of the above mentioned crimes would be discovered in Gene Martin's place of business.

12.  The affiant stated in his affidavit that law enforcement located a vehicle matching the description of the stolen vehicle at the residence and on the property of Gene Martin.

13.  In fact, the affiant failed to provide the issuing Judge with the complete information which was that law enforcement "drove to the Martin residence and entered a gravel driveway that lead to the rear of a metal building", and that "investigators advised [a deputy] to seize the vehicle at that location until a search warrant could be obtained for the property." Though this information This was the same information that law enforcement used to obtain the search warrant to search Gene Martin's place of business which is at a different location than his residence.

14.  It is clear that without the authority of a search warrant, law enforcement entered onto, and trespassed onto Gene Martin's residential property to view a vehicle that ultimately

became part of the subject of the search , and thereafter they illegally seized that vehicle without the benefit of a search warrant. Subsequently they illegally searched Gene Martin's place of business.

15. Information in the affidavit for the search of the residence concerning the vehicle thought to be located on the property, may arguably have provide probable cause to go to the residence, but using that exact same information and allegations to request a search of the separate business property does not provide sufficient legal basis for a search of the business property.

16. Requesting a warrant to search the business property by simply restating the same information from the affidavit used for the residence is legally insufficient to provide probable cause for the search of the business.

Therefore, all evidence seized from Gene Martin's place of business including, but not limited to the fifty live rounds of CCI Blazer, .40 caliber ammunition, and the two live rounds of Remington, .223 caliber ammunition, obtained as a result of the illegal search of Gene Martin's place of business is due to be suppressed.

This motion is sought by the defendant as a continuing motion as it is contemplated that the government will attempt to offer the items illegally seized as evidence.

WHEREFORE, above premises considered, and as may be further shown to this Honorable Court at a hearing on this motion, Defendant respectfully moves this Honorable Court to:

A. Conduct a hearing on this matter;

B. That all evidence, both tangible and intangible, real and personal, seized or obtained as a result of the illegal search and seizure by excluded;

C. That the government be prohibited from introducing into evidence any evidence seized or obtained as a result of the illegal search of the Defendant's residence or place of business;

D.	That the Defendant be accorded such other relief, legal and equitable as this Honorable Court deems mete and proper.

Respectfully submitted:

>	s/ DAVID S. LUKER
>	**ASB-6647-E32D**
>	DavidL@LukerLawPC.com
>	ATTORNEY FOR THE DEFENDANT
>	2205 Morris Avenue
>	Birmingham, AL 35203
>	(205) 251-6666
>	(205) 323-3240

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, the above and foregoing Motion To Suppress was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Assistant U.S. Attorney Tommie Brown Hardwick
Assistant U.S. Attorney Matthew W. Shepherd

>	S/ DAVID S. LUKER
>	ATTORNEY FOR THE DEFENDANT