# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:08-cr-57-MEF-SRW |
| ) | |
| DOUGLAS EUGENE MARTIN, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO REVOKE OR AMEND THE MAGISTRATE'S PRETRIAL DETENTION ORDER AND MAGISTRATE'S DENIAL OF DEFENDANT'S MOTION FOR RECONSIDERATION OF BOND

Comes now the Defendant, by and through undersigned counsel, and moves this Honorable Court to revoke or amend the magistrate's order, and summary denial of the Defendant's Motion for Reconsideration of Bond, and to conduct an evidentiary hearing regarding the issue of bond for the Defendant, and as grounds, therefore states as follows:

1. On April 10, 2008, the Defendant filed a Motion for Reconsideration of Bond and requested a hearing on the matter asserting that there now exist additional and relevant information and evidence that was not known or available to the Defendant at the detention hearing on March 21, 2008.

2. On Friday, April 11, 2008, the Defendant's Motion for Reconsideration of Bond and request for hearing was summarily denied without hearing.

3. The Defendant now brings this Motion before this Honorable Court moving to revoke or amend the Magistrate's pretrial detention order, and the magistrate's summary denial without hearing on the Defendant's Motion for Reconsideration of Bond.

1

United States v. Douglas Eugene Martin – 2:08-cr-57-MEF-SRW
Motion to Revoke or Amend the Magistrate's Pretrial Detention Order
and Magistrate's Denial of Defendant's
Motion for Reconsideration of Bond

4. The Defendant asserts that there now exist additional and relevant information and evidence regarding the issues of risk of flight and danger to the community, as well as other relevant information that was not available and not know to the Defendant at the time of the initial hearing held on March 21, 2008.

5. U.S.C.A. §3142(f)(2)(B) states in part as follows:

> . . . The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

6. Defendant now moves this Honorable Court for an opportunity to present testimony and evidence to the Court which the Defendant asserts is relevant to the issue of bond, and more specifically to the issue of risk of flight and danger to the community.

**BACKGROUND:**

1. The Defendant voluntarily surrendered to the U.S. Marshal's Service for the Middle District of Alabama in Montgomery on Friday, March 21, 2008 at 9:00 a.m. pursuant to learning of a grand jury indictment that had been returned against him.

2. On Thursday, March 20, 2008, upon learning of the indictment being returned against Mr. Martin, Attorney David Luker contacted the Marshal's Office in Montgomery concerning Mr.

United States v. Douglas Eugene Martin – 2:08-cr-57-MEF-SRW
Motion to Revoke or Amend the Magistrate's Pretrial Detention Order
and Magistrate's Denial of Defendant's
Motion for Reconsideration of Bond

Martin surrendering, and concerning their procedures. The Marshal's Service advised to simply have Mr. Martin come in and surrender, and that they would get him processed, and that he would most likely be released on bond, as they knew of no reason why bond would not be granted.

3.  Defendant Gene Martin reported to the Marshal's Office with Attorney Katherine Luker, who presented the Defendant to the Marshal's Office for processing.

4.  After the Marshal's Service took Mr. Martin into custody, they advised Attorney Katherine Luker that Mr. Martin would have an initial appearance later that afternoon, probably around 2:00 or 3:00 p.m.

5.  Attorney Katherine Luker was present with Mr. Martin for his interview with pretrial services, who after the meeting advised that they would be making their recommendation to the U.S. Attorney's Office, but did not know whether they would recommend detention or not.

6.  Attorney Katherine Luker met with AUSA Matthew Shepherd at the U.S. Attorney's Office around 11:30 a.m. on that date. AUSA Shepherd advised that the Government would be moving to have Mr. Martin detained, and that there would be a detention hearing at 2:00 p.m.

7.  No discovery or explanation was provided to counsel for the Defendant prior to the Detention Hearing.

8.  Attorney for the Defendant had only a short notice of the detention hearing, and was provided no discovery by the Government concerning its request for detention, or allegations to support their request for detention until the beginning of the hearing.

9.  At the detention hearing, Attorney for the Defendant was presented with voluminous

United States v. Douglas Eugene Martin – 2:08-cr-57-MEF-SRW
Motion to Revoke or Amend the Magistrate's Pretrial Detention Order
and Magistrate's Denial of Defendant's
Motion for Reconsideration of Bond

discovery documents by the Government, which they used and introduced through the testimony of the case agent.

10. As no discovery had been provided to the Defendant prior to the detention hearing, Attorney for the Defendant had no opportunity to prepare for the hearing. The fact that counsel for the Defendant had no information to be prepared for the detention hearing was not a result of not being diligent or intentionally unprepared, but was rather that she had not been provided with any information or discovery that the Government intended to use at the detention hearing to support their request that Mr. Martin be detained.

11. However, since the detention hearing, counsel for the Defendant has had an opportunity to review the Government's discovery material, and has had an opportunity to conduct some investigation into the circumstances surrounding the statements admitted against the Defendant at the hearing.

12. Since the hearing, Attorneys for the Defendant have developed information that was not known at the time of the hearing, nor available to them at the time of the hearing. That information is relevant to the issue of release on bond pending trial, both as to the issue of flight, and danger to the community.

13. Interviews with a number of witnesses have been conducted, and matters have been investigated related to the allegations and statements testified to by the case agent at the detention hearing.

United States v. Douglas Eugene Martin – 2:08-cr-57-MEF-SRW
Motion to Revoke or Amend the Magistrate's Pretrial Detention Order
and Magistrate's Denial of Defendant's
Motion for Reconsideration of Bond

**ARGUMENT:**

1..     Defendant asserts that a hearing is due to be reopened pursuant to U.S.C.A. §3142(f)(2)(B) , due to the fact that there now exist information and evidence that is relevant to the issues of bond, and have a material bearing on the issue of whether or not there exist conditions or combinations of conditions that will assure the Defendant's appearance in court, and safety of the public.

2.     As stated above, the Defendant is now moving this Honorable Court to conduct an evidentiary hearing so that the Defendant might present evidence which was not known, or available to the Defendant at the time the detention hearing of March 21, 2008 was conducted.

3.     Defendant avers that said evidence will show the Court that there are conditions, or combinations of conditions available so as to satisfy the Court that the Defendant will appear when required and not be a flight risk, and that he is not a danger to the community.

4.     In U.S. v. King, 849 F.2d 285 C.A. 11 (Fla), 1988, the Court set out as an option when considering a defendant's motion to revoke or amend magistrate's pretrial detention order, that if the district court determines, after reviewing the defendant's motion, that additional evidence is necessary, the court may conduct an evidentiary hearing for these purposes.

5.     The Defendant asserts that there exist newly developed information and evidence that was not available or presented at the prior hearing when the magistrate made a finding relating to flight and danger to the community, and thus denied bond

6.     The Defendant further asserts that it is within the district court's discretion to allow the Defendant to proffer or present additional evidence in a pretrial hearing.

United States v. Douglas Eugene Martin – 2:08-cr-57-MEF-SRW
Motion to Revoke or Amend the Magistrate's Pretrial Detention Order
and Magistrate's Denial of Defendant's
Motion for Reconsideration of Bond

WHEREFORE, above premises considered, Defendant respectfully moves this Honorable Court to revoke or amend the magistrate's pretrial detention order, and summary denial of the Defendant's Motion for Reconsideration of Bond, and to conduct an evidentiary hearing to allow the Defendant to present new, additional and relevant information concerning the issue of bond, and more specifically the issue of risk of flight and danger to the community.

s/ DAVID S. LUKER
**ASB-6647-E32D**
DavidL@LukerLawPC.com
ATTORNEY FOR THE DEFENDANT
2205 Morris Avenue
Birmingham, AL 35203
(205) 251-6666
(205) 323-3240

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of April, the above and foregoing Motion was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Assistant U.S. Attorney Tommie Brown Hardwick
Assistant U.S. Attorney Matthew W. Shepherd

S/ DAVID S. LUKER
ATTORNEY FOR THE DEFENDANT