IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                            )    CR. NO. 2:08CR57-MEF<br>)<br>DOUGLAS EUGENE MARTIN          ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REVOKE OR AMEND THE MAGISTRATE'S PRETRIAL DETENTION ORDER AND MAGISTRATE'S DENIAL OF DEFENDANT'S MOTION FOR RECONSIDERATION OF BOND**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully files this response in opposition to the Defendant's Motion to Revoke or Amend the Magistrate's Pretrial Detention Order and Magistrate's Denial of Defendant's Motion for Reconsideration of Bond. The United States respectfully requests that the Defendant's motion be denied, and as grounds states the following:

1. The defendant was indicted in a two count indictment by the grand jury for the Middle District of Alabama charging the defendant, Douglas Eugene Martin, with two counts of violating 18 U.S.C. §922(g)(1), for being a convicted felon in possession of firearms and ammunition.

2. On Friday, March 21, 2008, the defendant turned himself in to the United States Marshal Service.

3. The Court set an initial appearance for 2:00 pm before

United States Magistrate Judge Wallace Capel.

4.   The United States filed a motion for detention prior to this hearing on March 21, 2008, and requested a continuance of 3 days prior to holding the detention hearing.

5.   Instead of a continuance of the detention hearing, the detention hearing was held on March 21, 2008, after the defendant's attorney, Katherine Luker, met with the undersigned Assistant United States Attorney and requested that the hearing be held that day instead of continued until the following week.  The government agreed to that request and informed the court that it was prepared to proceed with the detention hearing that day. (Det. Hrng. Tr. 5)[1] The defendant did not request that the detention hearing be continued at any time and did not dispute the government's statement to the Court that the defendant wished to proceed with the hearing that day.  The government would not have opposed a continuance if requested by the defendant, and had actually requested a continuance itself, prior to the request by the defendant that the hearing proceed that day.  Despite the assertions contained in Defendant's motion, the detention hearing was held on March 21, 2008, only because the defendant requested it be held that day and the government was attempting to accommodate

---

[1] The transcript reflects the following: "MR. SHEPHERD: Yes, Your Honor. The government has moved for detention, and the defendant has requested the hearing proceed today." (Det. Hrg. Tr. 5 at lines 20-22)

the defendant.

6. The United States provided initial discovery to the defendant at the initial appearance when the defendant was arraigned, as required by the Court's Standing Discovery Order. Discovery was not provided prior to March 21, 2008, because there was no requirement to provide it any sooner.

7. Defendant's argument for a reconsideration of bond is based in part on the suggestion that the defendant was unprepared for the detention hearing and was prejudiced by holding the hearing on March 21, 2008. However, the detention hearing was held on March 21, 2008, only at the request of the defendant, who had the opportunity to request a continuance if he desired more time to prepare. The defendant's decision to proceed without a continuance or opportunity to review the discovery provided was the defendant's decision alone. Just because that decision did not work out as the defendant wished does not mean the defendant was prejudiced in any way and is not a reason to hold a new bond hearing.

8. The defendant cites 18 U.S.C. § 3142(f)(2)(B) as support for reopening the detention hearing on the basis of the discovery of new evidence. The defendant has not identified any specific new evidence that was not available at the time of the hearing on March 21, 2008, that is relevant to the determination that the defendant is a flight risk or a danger to the community. The defendant has only made vague references to new evidence without indicating how

it is relevant or offering any description of what that new evidence is that was not available at the time of the detention hearing on March 21, 2008. As a result, the defendant's motion has not met the burden of 18 U.S.C. § 3142(f)(2)(B).

9. The government concedes that this Court has jurisdiction to review the detention order pursuant to 18 U.S.C. § 3145(b), and that the Court "must make an independent determination of the proper pretrial detention or conditions for release." United States v. Rueben, 974 F.2d 580, 585 (5th Cir. 1992). The review must be *de novo*. United States v. Hurtado, 779 F.2d 1467, 1481 (11th Cir. 1985). In making this determination, the Court may base its decision on a review of evidence presented to the magistrate at the initial hearing and need not start the taking of evidence over. United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990). Because 18 U.S.C. § 31242(f) states that the rules of evidence do not apply at a detention hearing, the Court may consider hearsay evidence and the transcript of the original detention hearing.

10. At the initial detention hearing, the government presented evidence which showed the defendant engaged in a pattern of criminal behavior including unlawful possession of firearms that began before and continued after the incidents which led to the charges in this case. The government presented the testimony of its case agent, Special Agent Jennifer Rudden and witness statements from four individuals who had seen the defendant with

firearms on different occasions. The defendant is a previously convicted felon with a prior conviction for being a felon in possession of a firearm. Some of the witness statements included occasions when the defendant possessed a firearm after he had been released on bond on state charges. The pretrial services report recommended detention. Based on his history of continuing criminal conduct and possession of firearms, including while out on bond on state charges, the magistrate determined that the defendant should be detained because he found there was a serious risk the defendant would not appear or would endanger the safety of another person or the community. The findings of the magistrate judge were supported by the evidence presented at the detention hearing and should be upheld. The defendant's motion should be denied.

WHEREFORE, the United States respectfully requests that the defendant's motion be denied.

Respectfully submitted this the 28th day of April, 2008.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        MATTHEW W. SHEPHERD
        131 Clayton Street
        Montgomery, Alabama 36104
        Phone: (334) 223-7280
        FAX: (334) 223-7135
        matthew.shepherd@usdoj.gov

```
        IN THE DISTRICT COURT OF THE UNITED STATES
             FOR THE MIDDLE DISTRICT OF ALABAMA
                      NORTHERN DIVISION


UNITED STATES OF AMERICA    )
                            )
        v.                  )   CR. NO. 2:08-cr-57-MEF
                            )
DOUGLAS EUGENE MARTIN       )
```

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send a copy to David Luker, attorney for the defendant.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


MATTHEW W. SHEPHERD
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
FAX: (334) 223-7135
matthew.shepherd@usdoj.gov