IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                        ) | |
|     Plaintiff,                                         ) | |
|                                       ) | |
|      vs.                                                 ) | Case No. 2:08-cr-57-MEF-SRW |
|                                       ) | |
| DOUGLAS EUGENE MARTIN,             ) | |
|                                       ) | |
|     Defendant.                                       ) | |

**MOTION FOR ADDITIONAL TIME TO ADVISE THE COURT OF DEFENDANT'S INTENT TO PLEAD
PURSUANT TO Rule 11(c)(1)(A) or (C)**

Comes now the Defendant, by and through undersigned counsel, and moves this Honorable Court to grant an extension of time until Monday, September 8, 2008 to give notice unto the Court of the Defendant's intent to enter a plea of guilty, and as grounds, therefore states as follows:

1.     This matter is currently set for trial on September 15, 2008.

2.     A pretrial conference was held before the Honorable Magistrate Judge Susan Russ Walker at 3:00 p.m. on August 27, 2008.

3.     The Defendant is being tried on a superceding indictment, and due to the nature of the charges, this is a complex case with a number of issues.

4.     At today's pretrial conference Defendant was advised the he must give notice of intent to plead no later than September 3, 2008, which is only seven (7) days

from the pretrial date, and includes Labor Day weekend, with Monday being a holiday.

5. On April 10, 2008 the Defendant filed a Motion to Suppress, and that motion was heard by Honorable Magistrate Judge Susan Russ Walker on June 16, 2008.

6. Some nine weeks later on August 25, 2008, the Court entered an Order denying the Defendant's Motion to Suppress.

7. Two days after the entry of the Order denying the Defendant's Motion to Suppress, the pretrial conference was held where the Defendant was given only seven (7) days to discuss plea negotiations and advise the Court by September 3, 2008 of his decision to enter a plea.

8. During the nine week pendency after the Motion to Suppress was heard, neither the prosecution nor the defense was able to enter into any meaningful plea discussions due to the issues involved in the Defendant's Motion to Suppress.

9. At the pretrial conference held today, August 27, 2008, counsel for the Defendant was presented with a written offer to plead guilty, the first time any such offer had been made. This was only two days after the Court's entry of the Order denying the Defendant's Motion to Suppress.

10. Both the Defendant and the prosecution have been diligent in their efforts to discuss this case, but until the Court's ruling on the Defendant's Motion to

Suppress, the parties could not effectively enter into any negotiations concerning a possible plea, as all efforts by both parties were focused on the quickly approaching trial date of September 15, 2008.

11.  Because of the complex issues involved in the plea offer, and the additional issues revolving around a proffer of information to support substantial assistance, it is impractical and impossible to resolve the outstanding issues necessary to give notice of intent to plea by September 3, 2008, especially with the Labor Day holiday weekend approaching, and the Assistant U.S. Attorney handling the case being out of town during that time.

12.  When the case was previously set for trial on July 28, 2008, a pretrial conference was held on April 14, 2008, and the Defendant was advised that notice of plea must be tendered on or before noon on July 16, 2008, thus giving the Defendant approximately three months to resolve outstanding issues.

13.  The Defendant has now been given only seven (7) days to resolve the outstanding issues, and advise the Court of his intent to plead guilty.

14.  The Defendant would assert that the extension of time until the close of business on Monday, September 8, 2008 would allow the Defendant and counsel adequate time within which to discuss the issues, communicate with the Assistant U.S. Attorney regarding the possible plea and proffer, and come to a decision of whether or not the Defendant desires to enter a guilty plea.

15. The granting of this additional time would cause no hardship or prejudice on the prosecution or the defense, but would greatly enhance the likelihood of successful plea negotiations.

WHEREFORE, above premises considered, Defendant respectfully moves this Honorable Court to grant an extension of time to the close of business on Monday, September 8, 2008 to give notice of plea pursuant to Rule 11 (c)(1)(A) or (C).

s/ DAVID S. LUKER
**ASB-6647-E32D**
DavidL@LukerLawPC.com
ATTORNEY FOR THE DEFENDANT
2205 Morris Avenue
Birmingham, AL 35203
(205) 251-6666
(205) 323-3240 – fax

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th th day of April, 2008, the above and foregoing Motion for Reconsideration was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Assistant U.S. Attorney Tommie Brown Hardwick
Assistant U.S. Attorney Matthew W. Shepherd

S/ DAVID S. LUKER
ATTORNEY FOR THE DEFENDANT